USDC SDNY
DOCUMENT
ELECTRONICALLY ORIGINAL
DOC #: _____
DATE FILED: 06/12/2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

               Plaintiff,

      v.

THE YOUNG MEN'S CHRISTIAN
ASSOCIATION OF GREATER NEW YORK,

               Defendant.
------------------------------------------------------------x

ORIGINAL

ECF Case 5525

07 Civ. 5255

STIPULATION AND ORDER OF
SETTLEMENT AND DISMISSAL

## I. PARTIES

This Stipulation and Order of Settlement and Dismissal ("Stipulation and Order") is entered into by plaintiff the United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, and on behalf of the Corporation for National and Community Service (the "Corporation") (collectively the "United States"), and defendant the Young Men's Christian Association of Greater New York (the "YMCA") (hereinafter referred to as the "Parties"), through their authorized representatives.

## II. PREAMBLE

As a preamble to this Stipulation and Order, the Parties agree to the following:

    A.    The YMCA is a New York not-for-profit corporation with offices located throughout New York City.

    B.    The Corporation is an independent federal corporation that administers a number of federally-funded volunteer and community service programs, including the AmeriCorps Education Awards Program ("AmeriCorps").

C. The Corporation awarded an AmeriCorps grant to the YMCA, through the New York State Office of Children and Family Services, to provide a tutoring program to grade school students at various public schools in New York City during the fiscal years 2001 through 2005.

D. The United States contends that, during the time period referenced in Paragraph C above, in connection with the YMCA's certification of service hours completed by individuals participating in its AmeriCorps program and its submission of requests for reimbursement for certain program expenses, in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733 (the "False Claims Act"), the YMCA knowingly presented, or in deliberate ignorance of, or in reckless disregard of the truth presented, or caused to be presented, false or fraudulent claims to the United States for payment, and/or submitted false statements or information to the United States to get a false or fraudulent claim paid, as more specifically set forth in the United States' Complaint (the "Complaint").

E. Alternatively, the United States contends that it has certain civil claims against the YMCA based on common law or equitable theories of fraud and mistake of fact for engaging in the conduct described in Paragraph D above, as described in more detail in the Complaint. Hereinafter, the conduct outlined in Paragraph D and the Complaint shall be referred to as the "Covered Conduct."

F. The YMCA hereby appears and consents to the entry of this Stipulation and Order, without admitting any wrongdoing or liability under the False Claims Act and/or the common law.

G. To avoid the delay, expense, inconvenience and uncertainty of protracted litigation, the Parties desire to reach a full and final settlement and compromise of the claims that the United States asserts in the Complaint in this action.

NOW, THEREFORE, the Parties, in consideration of the mutual promises, obligations, undertakings and commitments hereinafter set forth, do hereby covenant and agree as follows:

### III. TERMS AND CONDITIONS

1. The Parties consent to this Court's exercise of subject matter jurisdiction over this action and personal jurisdiction over each of them.

2. The YMCA agrees to the entry of a judgment (in the form attached hereto as Exhibit A) against it and in favor of the United States, in full compromise and satisfaction of the allegations set forth in the Complaint, for the sum of five hundred thirty-four thousand dollars ($534,000) (the "Settlement Amount").

3. This Settlement Amount shall constitute a debt due and owing upon entry of this Stipulation and Order by the Court and is to be discharged by payment to the United States within ten (10) days of the entry of this Stipulation and Order. The YMCA shall make such payment by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office, Southern District of New York.

4. Subject to the exceptions in Paragraphs 7 and 8 below, in consideration of the obligations of the YMCA set forth in this Stipulation and Order, conditioned upon the YMCA's payment in full of the Settlement Amount, the United States (on behalf of itself and its agencies, departments, officers, employees, servants and agents) agrees to release the YMCA, its predecessors, successors, parents, affiliates, divisions, subsidiaries and all

of its current and former officers, directors and employees (collectively "the released persons and entities") from any civil or administrative monetary claim the United States has or may have against the released persons and entities for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733, or under the common law or equitable theories of fraud or mistake of fact.

5. The YMCA agrees to release the United States and its agencies, departments, officers, employees, servants and agents from any claims (including attorneys' fees, costs and expenses of every kind and however denominated), which the YMCA has asserted, could have asserted, or may assert in the future against the United States and its agencies, departments, officers, employees, servants and agents related to the Covered Conduct, the United States' investigation and prosecution thereof and this Stipulation and Order.

6. This Stipulation and Order is intended to be for the benefit of the Parties only, and by this instrument the Parties to this Stipulation and Order do not release any claims against any other person or entity, except as expressly provided by this Stipulation and Order.

7. Notwithstanding any term of this Stipulation and Order, including the release provided in Paragraph 4, any and all of the following are specifically reserved and excluded from the scope and terms of this Stipulation and Order as to any entity or person:

    a. any civil, criminal or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code);

    b. any criminal liability;

      c.     except as explicitly stated in this Stipulation and Order, any administrative liability, including suspension or exclusion from participating in transactions with the United States;

      d.     any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

      e.     any claims based upon such obligations as are created by this Stipulation and Order; and

      f.     any liability to the United States of any entity or person, including but not limited to any joint tortfeasor, that or who is not released by the terms of this Stipulation and Order.

8.     In the event of a criminal prosecution or administrative action relating to the Covered Conduct, the YMCA waives and will not assert any defenses it may have based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation and Order bars a remedy sought in such criminal prosecution or administrative action. The YMCA agrees that this Stipulation and Order is not punitive in purpose or effect.

9.     Nothing in this Stipulation and Order constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code.

10.     The YMCA shall be in default of this Stipulation and Order if it fails to make the payment set forth in Paragraph 2 on or before its due date. The United States will provide written notice of the default, and the YMCA shall have an opportunity to

cure such default within five (5) business days from the date of its receipt of the notice. Notice of default will be sent by fax and overnight mail to the undersigned attorneys for the YMCA. If the YMCA fails to cure the default within five (5) business days, the Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of 12% per annum compounded daily from the date of default on the remaining unpaid principal balance. The YMCA shall consent to a Consent Judgment in the amount of the unpaid balance, and the United States, at its option, may: (i) rescind this Stipulation and Order and reinstate the Complaint filed in this action; (ii) seek specific performance of the Stipulation and Order; (iii) offset the remaining unpaid balance from any amounts due and owing the YMCA by any department, agency or agent of the United States at the time of default; or (iv) exercise any other rights granted by law, or under the terms of this Stipulation and Order, or recognizable at common law or in equity. The YMCA agrees not to contest any offset imposed and not to contest any collection action undertaken by the United States pursuant to this Paragraph, either administratively or in any State of Federal court. In addition, the YMCA shall pay the United States all reasonable costs of collection and enforcement under this Paragraph, including attorney's fees and expenses.

11.    In the event that the United States opts to rescind this Stipulation and Order, the YMCA expressly agrees not to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which relate to the Covered Conduct, except to the extent these defenses were available on the date of entry of this Stipulation and Order.

12. <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of the YMCA, its predecessors, successors, parents, affiliates, divisions and subsidiaries in connection with the following shall be unallowable costs with respect to any request for reimbursement, cost report, cost statement, information statement or payment request submitted by the YMCA to the United States or its designated agent related to the YMCA's AmeriCorps program:

    a.    the matters covered by this Stipulation and Order;

    b.    the United States' audit(s) and civil and any criminal investigation(s) of the matters covered by the Complaint in this action, and this Stipulation and Order;

    c.    the YMCA's investigation, audit, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigation(s) in connection with the matters covered by the Complaint, and this Stipulation and Order (including attorneys' fees);

    d.    the negotiation and performance of this Stipulation and Order; and

    e.    the payment of the Settlement Amount by the YMCA to the United States.

<u>Future Treatment of Unallowable Costs</u>: These unallowable costs shall be separately determined and accounted for by the YMCA in nonreimbursable cost centers, and the YMCA will not charge such unallowable costs directly or indirectly to any grant or contract with the United States, or seek payment for such unallowable costs through any request for reimbursement, cost report, cost statement, information statement or payment request submitted by the YMCA to the United States or its designated agent related to the YMCA's AmeriCorps program.

<u>Treatment of Unallowable Costs Previously Submitted for Payment</u>: The YMCA further agrees that within sixty (60) days of the effective date of this Stipulation and Order, it will identify to the United States or its designated agent, if applicable, any unallowable costs (as defined in this Paragraph) included in payments previously sought from the United States, including, but not limited to, payments sought in any requests for reimbursement, cost reports, cost statements, information statements or payment requests already submitted by the YMCA to the United States or its designated agent, and will request, and agree, that such requests for reimbursement, cost reports, cost statements, information statements or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the unallowable costs. The YMCA agrees that the United States will be entitled to recoup from the YMCA any overpayment as a result of the inclusion of such unallowable costs on previously-submitted requests for reimbursement, cost reports, cost statements, information statements or payment requests. Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice, and/or the Corporation.

The United States reserves its rights to disagree with any calculations submitted by the YMCA on the effect of inclusion of unallowable costs (as defined in this Paragraph) on the YMCA's requests for reimbursement, cost reports, cost statements, information statements or payment requests.

Nothing in this Stipulation and Order shall constitute a waiver of the rights of the United States to examine or reexamine the unallowable costs described in this Paragraph.

13. The YMCA has incurred expenses under the AmeriCorps grant for the period between January 2005 through October 2005, certain of which were submitted for

processing (the "AmeriCorps Receivable"). Within a reasonable time after the Settlement Amount is paid, the YMCA will be granted access to the Corporation's grants management system under procedures established by the New York Commission for National and Community Service for processing of any portions of the AmeriCorps Receivable that were not previously submitted. Consistent with Paragraph 12, the YMCA will reduce the AmeriCorps Receivable to account for any Unallowed Costs or expenses that, because they are part of the Covered Conduct, do not qualify for reimbursement. The Corporation agrees to facilitate the processing of the AmeriCorps Receivable by the New York Commission for National and Community Service in the ordinary course.

14.     The YMCA expressly warrants that it has reviewed its financial situation and that it currently is solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(A) and (B)(ii)(I), and will remain solvent following its payment of the Settlement Amount to the United States hereunder. Further, the Parties expressly warrant that, in evaluating whether to execute this Stipulation and Order, they (i) have intended that the mutual promises, covenants and obligations set forth herein constitute a contemporaneous exchange for new value given to the YMCA, within the meaning of 11 U.S.C. § 547(c)(1); and (ii) have concluded that these mutual promises, covenants and obligations do, in fact, constitute such a contemporaneous exchange.

15.     Further, the Parties warrant that the mutual promises, covenants and obligations set forth herein are intended to and do constitute a reasonably equivalent exchange of value which is not intended to hinder, delay or defraud any entity to which

9

the YMCA was or became indebted on or after the date of this transfer, all within the meaning of 11 U.S.C. § 548(a)(1).

16. Each party to this Stipulation and Order shall bear its own legal and other costs incurred in connection with this matter, including costs incurred in connection with the preparation and performance of this Stipulation and Order.

17. This Stipulation and Order is governed by the laws of the United States. The Parties agree that the exclusive jurisdiction and venue for any dispute arising between the Parties under this Stipulation and Order as it relates to this action will be the United States District Court for the Southern District of New York.

18. This Stipulation and Order constitutes the complete agreement between the Parties. This Stipulation and Order may not be amended except by written consent of the United States and the YMCA.

19. Subject to the exceptions in Paragraph 7, in consideration of the obligations of the YMCA in this Stipulation and Order, conditioned upon the YMCA's timely full payment of the Settlement Amount, this action shall be dismissed with prejudice as to the YMCA as to all claims the United States has asserted against the YMCA based on the Covered Conduct, and to the extent of, and as governed by, this Stipulation and Order. This is provided, however, that the Court shall retain jurisdiction over this Stipulation and Order and each party to the extent the obligations herein remain unsatisfied by that party.

20. The undersigned person(s) signing this Stipulation and Order on behalf of the YMCA represent and warrant that he/she/they are authorized by the YMCA to execute this Stipulation and Order. The undersigned United States and Corporation

signatories represent that they are signing this Stipulation and Order in their official capacities.

21.     This Stipulation and Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

22.     The effective date of this Stipulation and Order is the date on which this Stipulation and Order is entered by this Court.

Dated: New York, New York
       June 4, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for United States of America

By: _____
PIERRE G. ARMAND (PA-3434)
Assistant U.S. Attorney
86 Chambers Street
New York, New York 10007
Tel. No.: (212) 637-2724
Fax No.: (212) 637-2730

Dated: New York, New York
       _____ 1, 2007

CORPORATION FOR NATIONAL AND
COMMUNITY SERVICE

By: _____
JERRY G. BRIDGES
Chief Financial Officer
1201 New York Avenue, N.W.
Office of the CFO, Room 10509
Washington, D.C. 20525
Tel. No.: (202) 606-6683
Fax No.: (202) 606-3462

signatories represent that they are signing this Stipulation and Order in their official capacities.

21. This Stipulation and Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

22. The effective date of this Stipulation and Order is the date on which this Stipulation and Order is entered by this Court.

Dated: New York, New York
_____ \_\_\_, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for United States of America

By: _____
PIERRE G. ARMAND (PA-3434)
Assistant U.S. Attorney
86 Chambers Street
New York, New York 10007
Tel. No.: (212) 637-2724
Fax No.: (212) 637-2730

Dated: New York, New York
_____ /\_, 2007

CORPORATION FOR NATIONAL AND
COMMUNITY SERVICE

By: _____
JERRY G. BRIDGES
Chief Financial Officer
1201 New York Avenue, N.W.
Office of the CFO, Room 10509
Washington, D.C. 20525
Tel. No.: (202) 606-6683
Fax No.: (202) 606-3462

Dated: New York, New York
      May 31, 2007

PILLSBURY WINTHROP SHAW PITTMAN LLP
Attorneys for Defendant the Young Men's Christian Association of Greater New York

By: _____
MARK R. HELLERER, ESQ.
1540 Broadway
New York, New York 10036-4039
Tel. No.: (212) 858-1787
Fax No.: (212) 858-150

Dated: New York, New York
      MAY 31, 2007

THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF GREATER NEW YORK

By: _____
MICHAEL GUARINO
Executive Vice President and Chief
   Financial Officer
333 Seventh Avenue
New York, New York 10001
Tel No.: (212) 630-9665
Fax No.: (212) 630-9667

SO ORDERED: 6/12/07

_____
UNITED STATES DISTRICT JUDGE

(Part I)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

          Plaintiff,

          v.

THE YOUNG MEN'S CHRISTIAN
ASSOCIATION OF GREATER NEW YORK,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF Case

07 Civ. _____

JUDGMENT

    WHEREAS, by Stipulation and Order of Settlement and Dismissal dated June __/12/2007 (the "Stipulation and Order"), the parties to the above-captioned matter agreed to a full and final compromise and resolution of this action, including, <u>inter alia</u>, the entry of judgment against defendant the Young Men's Christian Association of Greater New York (the "YMCA"), in favor of plaintiff the United States of America (the "United States"), in full compromise and satisfaction of the allegations set forth in the Complaint of the United States, for the sum of five hundred thirty-four thousand dollars ($534,000.00) (the "Settlement Amount"); and

    WHEREAS, the parties further agreed that the Settlement Amount shall constitute a debt due and owing upon entry of the Stipulation and Order by the Court and is to be discharged by payment to the United States under the terms and conditions as specified in the Stipulation and Order;

    NOW, THEREFORE, IT IS ORDERED and ADJUDGED: That judgment is entered against defendant the YMCA in favor of the United States in the sum of five hundred thirty-four thousand dollars ($534,000.00), to be paid in accord with the terms of

the Stipulation and Order, and, accordingly, the above-entitled action is closed and removed from the Court's active docket.

Dated: New York, New York
       June 12, 2007

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
(Part I)